ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrido<br><br>v.<br><br>SARAH MICHELLE TORRES COLL<br><br>Parte Peticionaria | TA2026CE00191 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D ST2025G003 al G042;<br>D BD2025G0014 al G0034<br><br>Sobre:<br>ART. 182 CÓDIGO PENAL DE 2012 Y OTROS |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Robles Adorno, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de marzo de 2026.

El 17 de febrero de 2026, la señora Sarah Michelle Torres Coll (la señora Torres Coll o la peticionaria) presentó ante nos una *Petición de Certiorari* en la que solicitó que revoquemos la *Resolución* emitida y notificada el 1 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario).[1]

En el aludido dictamen, el foro primario determinó que, la prueba solicitada por la peticionaria no era prueba exculpatoria y, por tanto, no era pertinente reabrir el descubrimiento de prueba en la etapa avanzada que se encontraba el caso. A su vez, resolvió que, la señora Torres Coll tuvo oportunidad para impugnar la prueba dado que la tenía ante sí durante dicho descubrimiento de prueba.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

---

[1] Apéndice de la Petición de *Certiorari*, Anejo 4, págs. 402-403.

## I.

El caso de autos tuvo su origen cuando el Pueblo de Puerto Rico (el Ministerio Público o la parte recurrida) instó varias denuncias en contra de la señora Torres Coll por infringir el Art. 182 del Código Penal de Puerto Rico, 33 LPRA sec. 5252, el Art. 202-B del Código Penal de Puerto Rico, *supra* sec. 5273, el Art. 211 del Código Penal de Puerto Rico, *supra* sec. 5281 y el Art. 217 del Código Penal de Puerto Rico *supra* sec. 5287, por hechos que acontecieron durante el 25 de junio de 2022 al 19 de agosto de 2022.[2] El Ministerio Público indicó que, la señora Torres Coll generó un esquema fraudulento en el que falsificaba cheques para apropiarse ilegalmente de dinero de una corporación.

Luego de los trámites de rigor, el 16 de enero de 2025, inicio la celebración de la vista preliminar en contra de la peticionaria, en la que la parte recurrida presentó como testigo al señor Alberto Luis Cubero Morales (el señor Cubero Morales).[3] Durante la vista preliminar, el señor Cubero Morales describió el método que empleó la señora Torres Coll para cometer fraude y apropiarse del dinero de la mencionada compañía. Asimismo, describió como acudía al Banco Popular, junto con la peticionaria, para depositar los cheques falsificados.

Así las cosas, luego del TPI encontrar causa probable, el 25 de enero de 2025, el Ministerio Público radicó diversas acusaciones contra la señora Torres Coll por infringir los delitos previamente citados.[4]

El 18 de febrero de 2025, la peticionaria instó una *Moción al amparo de la Regla 95* en la que le solicitó al Ministerio Público que le cursara toda la prueba que tuviera en su consideración.[5] Particularmente, quería revisar los videos de seguridad de las sucursales de Banco Popular en el que se cambiaron los cheques en

---

[2] *Íd.*, Anejo 1, págs. 1-128.
[3] *Íd.*, Anejo 7, págs. 420-703.
[4] *Íd.*, Anejo 2.1; *Íd.*, Anejo 2.2.
[5] *Íd.*, Anejo 8, págs. 704-713.

cuestión y toda prueba exculpatoria que tuviese el Ministerio Público.

Culminado el descubrimiento de prueba, el 21 de octubre de 2025, la señora Torres Coll radicó una *Moción en solicitud de orden* en la que alegó que, durante el descubrimiento de prueba recibió unas fotografías relacionadas a las transacciones realizadas en el Banco Popular, en la que adujo que, no aparecía el señor Cubero Morales.[6] Arguyó que, el señor Cubero Morales no surgía en las fotografías y, por tanto, los cambios de cheques no fueron llevados a cabo por este. Además, la peticionaria informó que, contrató los servicios de un investigador privado para identificar la identidad de la persona que surgía en las fotografías. Por tanto, la peticionaria solicitó que el TPI le permitiera entrevistar a la persona que se exhibía en las fotografías.

En respuesta, el 7 de noviembre de 2025, la parte recurrida instó una *Moción en oposición a "Moción en solicitud de orden"* en la que argumentó que, por primera vez, la señora Torres Coll contrató a un investigador privado.[7] Destacó que, en diversas ocasiones, la defensa de la peticionaria ha aseverado que el descubrimiento de prueba culminó. Alegó que, en múltiples circunstancias, le informó a la peticionaria sobre su disponibilidad para llevar a cabo una reunión en aras de salvaguardar el derecho de la señora Torres Coll poder dialogar sobre la prueba que tenía ante sí. Indicó que, transcurrido doscientos treinta y siete (237) días desde que el Ministerio Público le entregó a la señora Torres Coll los documentos generados por Banco Popular, esta quiere cuestionar la prueba, toda vez que, concluyó el descubrimiento de prueba. Aún así, la parte recurrida indicó que, la señora Torres Coll falsificó y traspasó cheques al señor Cubero Morales. Enfatizó que, la prueba que impugna la peticionaria no altera la participación de esta en la

---

[6] *Íd.*, Anejo 9, págs. 714-727.
[7] *Íd.*, Anejo 11, págs. 729-737.

comisión de los hechos delictivos. Consecuentemente, solicitó al foro primario que denegara la solicitud de la peticionaria.

Evaluada ambas posturas, el 1 de diciembre de 2025, el TPI emitió una *Resolución* en la que denegó el petitorio de la peticionaria dado que durante el descubrimiento de prueba poseía la información que estaba cuestionando.[8] Ello, la solicitud fue presentada en etapas avanzadas del proceso judicial. Además, el *foro a quo* razonó que, la señora Torres Coll no expuso de manera detallada la pertinencia para reabrir nuevamente el descubrimiento de prueba, sin ocasionar una dilación innecesaria. Encima, recalcó que, desde el mes de febrero la peticionaria tenía ante su consideración las fotografías que cuestiona, empero, no manifestó ningún planteamiento sobre estas. Por ende, declaró Sin Lugar la *Moción en Solicitud de Orden* en virtud de que el descubrimiento de prueba no es absoluto.

Insatisfecha, el 16 de diciembre de 2025, la peticionaria radicó una *Moción en solicitud de reconsideración de Resolución emitida el pasado 1 de diciembre de 2025* en la que reiteró que, la persona que surgía en las fotografías podría proveer evidencia exculpatoria y, por tanto, debe abrirse el descubrimiento de prueba.[9] Por tanto, insistió en que el foro primario ordenara que se reprodujera información relacionada a la persona que aparecía en las fotografías entregadas por Banco Popular.

El 18 de diciembre de 2025, el Ministerio Público instó una *Oposición a Moción en solicitud de reconsideración emitida el pasado 1 de diciembre de 2025,* en la que argumentó que, la peticionaria no fue diligente en examinar los documentos ante su consideración y, por tanto, ante el reclamo de la peticionaria no debida reabrirse el descubrimiento de prueba.[10] Adujo que, durante el descubrimiento de prueba la peticionaria tuvo oportunidad para cuestionar las

---

[8] *Íd.*, Anejo 3, págs. 373-401.
[9] *Íd.*, Anejo 12, págs. 738-784.
[10] *Íd.*, Anejo 13, págs. 785-798.

fotografías en controversia. Asimismo, ripostó que, no tenía evidencia exculpatoria en su consideración. Por tanto, en esta etapa de los procedimientos, no procede reabrir el descubrimiento de prueba.

Así las cosas, el 15 de enero de 2026, el foro a quo emitió una Resolución en la que declaró No Ha Lugar la *Moción en solicitud de reconsideración de Resolución emitida el pasado 1 de diciembre de 2025*.[11]

Inconforme, el 17 de febrero de 2026, la peticionaria instó una *Petición de Certiorari* en la que formuló el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al emitir su Resolución del 1 de diciembre de 2025, confirmada el 15 de enero de 2026 al denegar la solicitud de orden de la defensa para descubrir prueba exculpatoria, pertinente, material, relevante para la preparación de una adecuada defensa puesto que consideramos la orden peticionada sirve para identificar un participe de hechos materiales y pertinentes según surge de evidencia documental demostrativa, que contradice prima facie las declaraciones bajo juramento de testigo del ministerio público y coimputado sobre alegados hechos delictivos relacionada a un alegado esquema de fraude de cheques que según se alega inició una vez empezó sus labores en la empresa afectada.

En cumplimiento con nuestra *Resolución*, el 27 de febrero de 2026, la señora Torres Coll radicó una *Moción en cumplimiento de orden* en la que informó que, presentó el apéndice del recurso ante la Secretaria de este Tribunal tras haber informado las dificultades que confrontó.

El 3 de marzo de 2026, el Ministerio Público presentó un *Escrito en cumplimiento de orden* en el que esbozó su oposición a la expedición del auto de *certiorari*.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el recurso ante nos.

---

[11] *Íd.*, Anejo 4, págs. 402-403.

## II.

## A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera

sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.*, *supra*; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 97.

**B.**

La Regla 95 de Procedimiento Criminal, 34 LPRA, Ap. II, R.95, establece que,

> (a) El acusado presentará moción al amparo de esta Regla dentro en un término de cumplimiento estricto de

veinte (20) días contados a partir de: i) la celebración del acto de lectura de acusación en los casos que se impute la comisión de un delito grave; o ii) la primera comparecencia del acusado al proceso asistido por el abogado que habrá de representarlo en el juicio, en los casos en que se impute la comisión de un delito menos grave. En el caso que la persona acusada manifieste que se representará por derecho propio, el tribunal deberá advertirle desde cuándo comienza a discurrir el término establecido en esta Regla, así como las consecuencias de su incumplimiento:

(1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.

(2) Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas de éstos.

(3) Cualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal.

(4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.

(5) El récord de convicciones criminales previas del acusado. (6) Cualquier informe preparado por agentes de la Policía en relación con las causas seguidas contra el acusado que sea relevante para preparar adecuadamente la defensa del acusado.

El descubrimiento de esta prueba estará sujeto a las siguientes condiciones:

(A) Que los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación;

(B) que no afecte la seguridad del Estado ni las labores investigativas de sus agentes policiacos, y

(C) la correspondiente moción del acusado sea presentada con suficiente antelación a la fecha señalada para la celebración del juicio, de manera que no haya innecesarias dilaciones en los procedimientos ni se produzcan molestias indebidas a los funcionarios del Estado.

(b) El Ministerio Fiscal revelará toda aquella evidencia exculpatoria del acusado que tenga en su poder.

(c) La defensa deberá incluir, junto con la solicitud de Descubrimiento de Prueba, las órdenes necesarias para solicitar el material o la información que prevee que el Ministerio Público no tendrá bajo su custodia, dirigidas a las personas o entidades que la poseen, custodian o controlan. El Ministerio Público deberá entregar la información y/o material solicitado que tenga bajo su custodia o control e informar al tribunal si existe algún material o información que le fue solicitada, pero que no se encuentra bajo su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posea, custodie o controle, que la ponga a la disposición del acusado. (d) No estarán sujetos a descubrimiento o inspección de la defensa los escritos de investigación legal, informes, memorandos, correspondencia u otros documentos internos que

contengan opiniones, teorías o conclusiones del Ministerio Fiscal. (e) Toda información y/o material que se pretenda solicitar y no esté enumerado en esta Regla, deberá venir acompañado de una explicación sobre la necesidad o pertinencia que tiene el mismo para la defensa del acusado.

Como parte del debido proceso de ley, nuestro sistema judicial reconoce el derecho de toda persona a defenderse de una acusación criminal en su contra y a obtener a través del descubrimiento de prueba, evidencia que le resulte en su favor. *Pueblo v. Sanders Cordero*, 199 PR 827, 837 (2018). El requerimiento de descubrimiento de prueba no es absoluto y es regido por las Reglas de Procedimiento Criminal, *supra*. El Tribunal Supremo ha sido enfático en que la solicitud de descubrimiento de prueba que realice el acusado no debe tomarse de forma liviana ni abre las puertas a que se le otorgue al acusado cualquier tipo de material o información. *Pueblo v. Custodio Colón*, 192 DPR 567, 587 (2015). El descubrimiento de prueba a favor del acusado versa sobre permitirle al acusado inspeccionar, copiar o fotografía solicitada. Regla 95 de Procedimiento Criminal, *supra*, R. 95. La prueba documental o evidencia demostrativa, tanto real como ilustrativa, la Regla 95 establece que el descubrimiento se realizará cuando esté presente alguna de las circunstancias siguientes: (1) que la evidencia fue obtenida del acusado o le pertenecía, (2) que el Ministerio Público se propone utilizarla en el juicio, o (3) que es relevante para preparar adecuadamente la defensa del acusado. *Pueblo v. Sanders Cordero, supra*, págs. 838-839. La citada regla estatuye que, hay la posibilidad de que las partes soliciten ordenes protectoras que limiten, restrinjan o condicionen el descubrimiento de prueba. Regla 95 de Procedimiento Criminal, *supra*, R. 95; *Pueblo v. Sanders Cordero, supra*, pág. 840.

### III.

La peticionaria argumentó que, el foro primario erró en denegar la solicitud de la peticionaria para, nuevamente, descubrir prueba exculpatoria. Ello, toda vez que, la señora Torres Coll alegó

que, surge en unas fotografías otra persona que participó en la comisión de los delitos y, por tanto, la identidad de esa persona es pertinente.

Luego de un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que nos abstenemos de ejercer nuestra función revisora y, de intervenir con la determinación del foro primario.

A la luz de lo esbozado, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

## IV.

Por los fundamentos que anteceden, denegamos la expedición del auto de certiorari.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones